### CITY OF ALTUS et al. v. BATES et al.

No. 19850.   Opinion Filed Sept. 24, 1929.

Rehearing Denied Oct. 15, 1929.

292

E. E. Gore and Allen, Underwood & Smith, for plaintiffs in error.

Frank Petree. for defendants in error.

CLARK, J. This cause presents error from the district court of Jackson county, in which plaintiffs in error were defendants and defendants in error were plaintiffs. For convenience, the parties will be referred to as they appeared in the trial court.

Petition was filed in the district court of Jackson county on the 18th day of July, 1928, in which plaintiffs sought to enjoin defendants from paving and improving a certain street in the city of Altus. A petition to the city council for the pavement of West Walnut street from the west line of Hudson street to the east line of Ethel street, which was designated as paving district No. 35, was filed June 25, 1928. On June 25, 1928, the city council passed a resolution of necessity. On July 9, 1928, a contract was entered into between the city and the Highway Construction Company to pave said district. On the same date, five persons who had heretofore signed said petition requesting that said street be paved, asked that their names be stricken from such petition, which request was denied by the city council. On July 31, 1928, application for a temporary injunction was denied by the county judge in the absence of the district judge. On September 13, 1928, the district court, after trial, granted an injunction enjoining the city of Altus and the Highway Construction Company from proceeding to improve said district. Motion for new trial was filed, overruled, and the cause is brought here for review.

It was plaintiffs' contention in the trial court that the petition filed for said improvement was insufficient for the reason that the same was not signed by 50 per cent. of the owners of the property sought to be charged with said improvement. It was alleged that G. R. Throush did not own lot 10, in block 43, of the original town of Altus; that Logan Hoover was jointly interested in lot 7, block 39, original town of Altus; and that Carl McNulty, who purports to sign the name of Rounds & Porter Lumber Company to said petition, had no authority from said

corporation to so sign its name. It further alleged that if these names be stricken, less than 50 per cent. of the owners in area of the property to be included within said street improvement district would be represented by the persons rightfully signing the same.

This street was sought to be improved as provided in chapter 173, Session Laws 1923. Said petition for improvements, if valid, was in compliance with section 7 of said act. It is agreed that if the signature or the signing of said petition by Rounds & Porter Lumber Company was valid, said petition would be sufficient to invoke the jurisdiction of the city council to order said improvements made, and if the signing of said petition by Carl McNulty was insufficient, then said petition would be insufficient.

It is the contention of the defendants, plaintiffs in error, that the burden of proof was on plaintiffs to show that said Carl McNulty was unauthorized to sign the corporate name of Rounds & Porter Lumber Company to said petition. On the 10th day of August, 1928, the board of directors of the Rounds & Porter Lumber Company passed a resolution ratifying and confirming said action of said agent, Carl McNulty, in signing the corporate name to said petition. The Supreme Court of Oregon, in the case of Allen v. City of Portland, 58 Pac. 509, had this question before it. Syllabus paragraphs Nos. 1 and 2 of this case read as follows:

"1. Under the charter of the city of Portland, sections 94, 95 (Sess. Laws 1891, p. 823), which provide that no public improvement shall be made until the owners of one-half of the property to be affected shall petition for same, the petition need not affirmatively show that it is signed by the owners of one-half the property to be affected by the improvement petitioned for, in order to give the council jurisdiction, but the council may determine the fact from evidence aliunde.

"2. Under the vharter of the city of Portland, sections 94, 95 (Sess. Laws 1891, p. 823), which provide that no public improvements shall be made until the owners of one-half of the property to be affected shall petition therefor, the council, in determining the sufficiency of the petition, exercises a quasi judicial function, and its determination is open to collateral attack, and its determination that it is signed by the owners of one-half the property to be affected does not give it jurisdiction, in absence of the fact."

Mr. McNulty, being the general manager of said company, with authority to manage the company's affairs in Oklahoma, had au-

thority, according to the testimony of E. C. Porter, secretary of said company, to employ men, discharge men, sign petitions, approve donations, instruct the managers, pass on credit sales, and "to represent us in a general way," having authority over the local manager.

Syllabus paragraph No. 5 of Allen v. City of Portland, supra, reads as follows:

"5. Where a petition for a public improvement shows on its face that the names of property owners affixed thereto were signed by agents, the authority of such agents will be presumed, and need not appear thereon, but may be proven by evidence dehors the record; and, if the council are satisfied that the agency exists, it may act, and their determination is prima facie evidence of the fact."

It is contended by plaintiffs, defendants in error, that the act of Mr. McNulty in signing the corporate name to the petition could not be ratified. With this contention we do not agree. It might be said that the signing of said petition could not be ratified, but since Mr. McNulty was acting as agent of the corporation, certainly the agency could be ratified, and the acts of said agent would be binding upon the corporation. The statute does not provide any specific method of signing the petition. If Mr. McNulty had entered into a contract for someone to haul gravel or to pave a portion of said property or a road leading to the property of Rounds & Porter Lumber Company, and the work was performed, no one would contend that the corporation would not be liable for said improvement.

We are of the opinion that the petition was sufficient to give the city council of Altus jurisdiction to pass a resolution of necessity, and that the plaintiffs have failed to sustain the burden of proof that the signing of said petition by said Carl McNulty was unauthorized.

We must, therefore, conclude that the judgment of the trial court enjoining the city council and the Highway Construction Company from proceeding with said improvement was error. The judgment of the trial court is, therefore, reversed and remanded, with directions to enter judgment denying said injunction.

MASON, C. J., and HUNT, HEFNER, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and RILEY, J, not participating. ANDREWS, J., absent.